UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                              Case No. 06-CR-20448

v.

                                              Hon. John Corbett O'Meara

MICHAEL TED WASIKOWSKI,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION PURSUANT TO RULES 60 AND 36**

Before the court is Defendant's motion pursuant to Fed. R. Civ. P. 60 and Fed. R. Crim.

P. 36, filed December 6, 2010, as well as Defendant's motion for default judgment, filed March

10, 2011.  The government filed a response to Defendant's initial motion on February 18, 2011.

On May 24, 2007, the court sentenced Defendant to a term of 83 months after Defendant

pleaded guilty to being a felon in possession of a firearm.  Specifically, the judgment provided

that Defendant was sentenced to "83 months concurrent with undischarged term of imprisonment

with the Michigan Department of Corrections." Docket No. 19.  Defendant was released from

state custody on parole on January 27, 2009.  He contends that upon entry into the federal

Bureau of Prisons, he was given credit for time served only from the time of his federal

sentencing (May 24, 2007), rather than for all time served in the state system, beginning

December 7, 2005.  Defendant argues that he should have received approximately 18 months

additional credit for time served in the state system.  Defendant requests that the court correct

this "clerical error" pursuant to Fed. R. Civ. P. 36 and amend the judgment accordingly.

Defendant previously filed a petition for writ of habeas corpus in the Middle District of

Pennsylvania, where he is incarcerated.  In the petition, Defendant raises the same issue that he

presented here.  The court noted that "Wasikowski has properly invoked section 2241 to

challenge the determination of sentencing credit by the BOP and has properly done so in the

district where he is imprisoned." Wasikowski v. Ebbert, 2010 WL 4791667 at *2 (M.D. Pa. Nov.

18, 2010).  The court found that Defendant's time served credit was properly calculated,

however, and denied the petition.  Id. at *3-4.

     As Defendant's petition was denied, this court has no authority to revisit or modify his

sentence.  As a general rule, a district court "may not modify a term of imprisonment once it has

been imposed," unless authorized by statute or Fed. R. Crim. P. 35.  See 18 U.S.C. § 3582(c).

None of the statutory exceptions authorizes a modification of Defendant's sentence under the

circumstances here.  See id.  Further, Rule 35 does not apply, as it allows for the correction of

clerical errors or a reduction in sentence for substantial assistance to the government, neither of

which applies here.

     Rule 36, which allows for the correction of clerical errors in the judgment, also does not

apply.  There was no clerical error in the judgment, which does not contain a calculation of the

time served by Defendant.  Moreover, the calculation of Defendant's time served credit was

properly done by the BOP.  See Wasikowski, 2010 WL 4791667 at *3.

     For all of these reasons, IT IS HEREBY ORDERED that Defendant's motion to amend

or correct the judgment is DENIED.


                             s/John Corbett O'Meara
                             United States District Judge

Date:  May 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 11, 2011, using the ECF system and upon Michael Wasikowski at FCI Allenwood, P.O. Box 2000, White Deer, PA 17887 by first-class U.S. mail.


s/William Barkholz
Case Manager